UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CELESTE S. on behalf of A.M.W.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-5994-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her minor child not disabled. Plaintiff requests the Court to remand this case for further proceedings because the ALJ's decision is not based upon a complete case evaluation, the ALJ failed to assess lay testimony and failed to properly assess all domains. The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

In a December 10, 2024 decision, the ALJ found Plaintiff, then age 10, has severe impairments of ADHD (attention deficit hyperactivity disorder) combined type, generalized anxiety disorder, autistic disorder, learning disorder and asthma; Plaintiff's impairments singly and in combination do not meet the requirements of a listed impairment; and thus, Plaintiff is not disabled. The ALJ's finding relies upon the DDS consultants' May 30, 2023 and January 29,

ORDER REVERSING AND REMANDING - 1

2024, opinions that Plaintiff is less than markedly limited in all domains and has no limitations to movement and in manipulating objects.

Under *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014 (9th Cir. 2003), the ALJ must evaluate Plaintiff's application, "based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record." The Court in *Howard* held although substantial evidence supported the ALJ's nondisability decision, the ALJ committed reversible legal error because he "failed to rely on a case' evaluation. Rather, he only relied on the individual evaluations and reports of each separate specialist, which pertained to each of their individual specialties. The ALJ made no effort to have [the claimant's] case evaluated in its entirety." *Id.*

The Commissioner argues the Court should affirm because the ALJ properly relied upon the DDS opinions and "nothing more was required"; the ALJ summarized the evidence and this is a sufficient discussion of the DDS opinions; and although nearly a year passed between the most recent DDS opinion and the ALJ's decision, Plaintiff has shown no harm.

The Court is not persuaded. Under *Howard* the ALJ's decision must be based upon medical evaluations that reflect the entire record. Courts have interpreted this to require the ALJ to use medical evaluations made close in time to the ALJ's decision to ensure all relevant evidence is considered. *See e.g. Koroma on behalf of K.M.R v. Commissioner of Social Security Administration*, 2020 WL 3958341 at * 4 (D. Ariz., July 13, 2020). The ALJ did not do so and instead relied upon opinions that were between 10 and 18 months old. The ALJ accordingly erred.

The *Howard* decision also reversed the ALJ's decision even though the Court found "substantial evidence exists in the record to support the ALJ's decision." *Howard* 341 F.3d at

ORDER REVERSING AND REMANDING - 2

1014-15. Hence the Court declines to adopt the Commissioner's argument the ALJ's reliance on the DDS opinions is harmless.

The ALJ's error in this case is intertwined with Plaintiff's other claimed errors. Because the ALJ on remand must reconsider and update the entire record upon which the expert opinions rest, the ALJ must also reassess the lay testimony, and the findings necessary to complete the three-step sequential evaluation process including updates and specific findings as to the six domains at issue in this case.

The Court accordingly **ORDERS** the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall develop and update the record; reassess the medical opinions necessary in this case involving a child based upon the entire record; reassess the lay testimony; and reassess the findings needed to complete the three-step sequential evaluation process including making specific determinations as to the six domains at issue in this case.

DATED this 31st day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 3